## INTERNATIONAL SALT CO., Inc., v. LEVINE.

### Civ. No. 1416.

District Court, E. D. New York.

Oct. 31, 1940.

Putney, Twombly & Hall, of New York City (Frederic R. Sanborn, of New York City, of counsel), for plaintiff, for the motion.

Milton M. Eisenberg, of Brooklyn, N. Y. (Ralph Weller, of Brooklyn, N. Y., of counsel), for defendant, opposed.

CAMPBELL, District Judge.

This is a motion for an injunction pendente lite.

Both parties sell Table Salt in cylindrical containers, with a capacity of two pounds and with a metal chute for discharging the salt.

Plaintiff complains against the use by the defendant of the Red Crown label as

an alleged infringement of its registration in the United States Patent Office of the trade mark Red Cross No. 26372, issued April 9, 1895, and also for unfair competition by the defendant in the use of said Red Crown label.

■ It is true that there are some differences between plaintiff's Red Cross label and defendant's Red Crown label, but the test is not whether there be minor differences, but whether an ordinarily prudent purchaser, without the two packages before him for comparison, would by reason of the great similarity of the two packages, as a whole, be deceived, and would accept the defendant's package believing it to be that of the plaintiff.

■ The Red Crown label of the defendant containing as it does a cross simulates plaintiff's trade mark, and would deceive an ordinary purchaser, and in addition the arrangement of the type, the selection of the colors, and the markings, which copy those of plaintiff's Red Cross package, and are not necessarily required, would, taken together, deceive the ordinarily prudent purchaser into the belief that in purchasing defendant's Red Crown package he was purchasing plaintiff's Red Cross package, and constitutes unfair competition.

An injunction pendente lite will be granted to the plaintiff, on giving the security which will hereafter be fixed, against the use by the defendant, his agents or servants, of the Red Crown label.

■ No injunction pendente lite may be granted to the plaintiff against the defendant, because of the cylindrical shape of the package, or its metal chute or sifter, as they are in common use, and plaintiff has no exclusive right to them.

No sweeping injunction, pendente lite, as requested by plaintiff, may be granted, as this case may be tried at the December term of this Court, if properly noticed, and might have been tried during the October or November term of this Court.

■ No injunction pendente lite will be granted against the use by defendant of the Red Rose label if printed on the lighter color paper (not terra cotta) shown on the container presented on the argument of this motion.

Settle order in accordance with this opinion at my chambers at 9.30 A. M., on two days' notice, at which time I will hear argument on, and determine, the amount of security to be given by plaintiff as a condition of granting the injunction pendente lite.